THE BERNARDSVILLE METHODIST EPISCOPAL CHURCH,
a corporation,

*v.*

ROBERT SENEY et al.

[Decided November 22d, 1915.]

1. G. I. S. and wife conveyed to the B. M. E. church certain lands in trust as a place of residence for the Methodist preachers who might from time to time be stationed in Bernardsville, and also conveyed to it certain other lands in trust for the purpose of a church. The church alleges that these conveyances were made for valuable consideration, and prays that the trusts be declared void and be decreed to be terminated for that reason. *Quære:* Can a conveyance for valuable consideration, adequate or inadequate, with a trust for charitable uses imposed upon it, be defeated by the trustee upon the ground that it is void because not founded upon a gift.

2. The defendants are the heirs-at-law of G. I. S. and his wife, both deceased, and the general and Newark annual conferences of the M. E. church, alleged to be all the persons who may have any interest in the subject-matter of the suit, or who may have any right of reversion or remainder in the premises after the termination of the particular estate. These defendants answered admitting the allegations of the bill and consenting that the relief prayed be granted to the complainant.—*Held*, that the *cestuis que trust* are the present and future pastors, as to the parsonage, and the present and future congregations, as to the church, who are not parties, and can only be protected by the presence of the attorney-general intervening on behalf of the public.

3. Amendment will be allowed to charge the attorney-general as defendant, and, after answer by him, the case may be brought on for further hearing, at which the facts relied upon by the complainant may be proved as the admissions made by the present defendants in their answers cannot bind the *cestuis que trust*.

On final hearing on bill and answers.

*Mr. Arthur A. Palmer,* for the complainant

*Mr. Frank B. Allen,* for the defendants.

WALKER, CHANCELLOR.

The bill in this case prays that two certain trusts or uses created, imposed and made a burden on the lands and premises therein described, may be terminated, annulled and decreed for nothing holden.

It alleges that on January 25th, 1882, George I. Seney and wife conveyed to the trustees of the Methodist Episcopal Church of Bernardsville certain land in trust as a place of residence for the use and occupancy of the preachers of the Methodist Episcopal Church in the United States of America, who might from time to time be stationed in the village of Bernardsville, subject to the usage and discipline of that church as from time to time authorized and declared by the general conference and by the annual conference of the church within whose bounds the premises are situate. Mr. Seney died, and on March 29th, 1901, his widow, who was the devisee of all his real estate, conveyed the premises to the complainant by deed of quitclaim for the purpose, as alleged, of releasing it from the effects of the trust created by the deed first mentioned. On November 16th, 1901, the sole survivor of the trustees named in that deed, conveyed the same premises to the complainant. The object of these conveyances, it is alleged, was to vest a fee in the complainant, but whether they passed anything to the grantee it is unnecessary to decide.

The land and dwelling-house thereon was used as a parsonage from the time of the making of the deed of trust until about April 1st, 1901, when another and better tract of land was acquired and a dwelling-house erected by the church for a parsonage.

By decree of this court dated July 30th, 1902 (*Bernardsville Methodist Episcopal Church* v. *Seney et al., docket 25, page 67*), it was recited that this change would be to the great benefit and advantage of such of the preachers of the Methodist Episcopal Church in the United States, as might from time to time be stationed in the village of Bernardsville, to have the use of the last-mentioned premises and dwelling-house as a parsonage, instead of the first-named premises and dwelling-house, and it was ordered and adjudged that the church should have power and

authority to sell and convey the first-mentioned premises free, clear and discharged of and from the trust created in the first-mentioned deed; and that the last-named premises, together with the dwelling-house erected thereon, should be held in trust, kept and maintained by the church as a place of residence for the use and occupation of the preachers mentioned, and that the trust created in the first-mentioned deed should be and was thereby transferred from the premises described therein to the other premises, but that before the transfer should take effect the church should execute and record in the office of the clerk of the county of Somerset a declaration of trust in respect to the latter premises of the same purport and effect as that set out in the first-mentioned deed. Such declaration was duly made and recorded. As to authority for this proceeding, see *Fair* v. *First Methodist Episcopal Church, 57 N. J. Eq. 496.*

The present bill is filed by the church as a body politic, and states that it is authorized by the general conference and the Newark annual conference of the Methodist Episcopal Church of which it is a member, and by the quarterly conference of the Bernardsville Methodist Episcopal Church and by its members and congregation, to bring this suit, and that the general, Newark annual and quarterly conferences of the church request the relief prayed for, and that the general and Newark annual conferences have complete and absolute authority and control over the placing and maintaining of preachers in the parsonage.

The bill also alleges that the complainant has built a new stone church at a cost of about $25,000 on lands also conveyed by Seney and wife to the complainant in trust for the purpose of a church by the same sort of consideration as existed in the conveyance of the parsonage premises, and that the new church has been paid for, except to the extent of $6,000, and that it has endeavored to raise a loan to pay off that indebtedness, but has been unable to do so because of the trust or use which encumbers the parsonage and church properties.

Then follows an allegation that the trust or use, created in the deed by Seney and wife, imposed and made a burden on the parsonage premises conveyed (which was transferred to the other premises as above mentioned),

"improvidently, without warrant of law, contrary to equity and good conscience, and without a consideration and power sufficient to support said trust or use, and was made and suffered under a mistake and misapprehension of the facts and their legal effect,"

and there is a similar allegation as to the church premises. Then follows the prayer for the annulment of the trusts.

The defendants are the heirs-at-law of George I. Seney and Phoebe A. Seney, his wife, both deceased, and the general and Newark annual conferences of the Methodist Episcopal Church, who are alleged to be all of the persons who may have any interest in the subject-matter of the suit, or who may have any right of reversion or remainder in the premises mentioned after the termination of the particular estate therein.

The defendants have all filed answers admitting the allegations of the bill and consenting that the relief prayed for be granted to the complainant.

The case has been submitted on the pleadings mentioned, and a decree is asked that the complainant is the owner in fee of the present parsonage property, subject to the provisions of the trust or use above mentioned; further, that the complainant is the only party interested in the legal title to the premises; that the general conference, the trustees of, and the Newark annual conference of the Methodist Episcopal Church, defendants, are all the persons or corporations who are the *cestuis que trust* and all the persons and corporations for whose benefit the trust has been made; and that the heirs-at-law of George I. Seney and wife, both deceased, defendants, are all the persons who have or may have any interest in the subject-matter, and who have or may have any right of reversion or remainder or any possibility of reverter or any other interest in the premises; that the trusts mentioned were created improvidently and without warrant of law, &c., and that they be terminated, annulled and for nothing holden.

In the first place, the complainant has mistaken the persons who are *cestuis que trust* in this case. It alleges them to be the general conference, the trustees of, and the Newark annual conference of the Methodist Episcopal Church. On the contrary, the *cestuis que trust* are the present pastor of the Bernardsville

Methodist Episcopal Church and his successors in the benefice as to the parsonage, and the congregation, present and future, as to the church. The trustee under each trust is the church corporation last named, and, maybe, the other corporations named which exercise control over it.

*Cestuis que trust* are those for whose benefit others are seized of property. *Larkin* v. *Wilcoff, 75 N. J. Eq. 462, 474* (affirmed on this question, *Same Case, 77 N. J. Eq. 589;* reversed as to costs and counsel fees only, *79 N. J. Eq. 209*). In that case it was held that the pastors who conducted services at certain Christian churches were not the *cestuis que trust* under the deed, the trust having been created for the benefit of certain people, with power given the trustees to discontinue religious services and sell the church property whenever it should seem expedient to do so. There the pastors had no right to have the services continued after the trustees had determined to discontinue them. Here there is no power in the trustee to discontinue the charitable uses.

The trusts involved in this case are legal charities and, therefore, lawful uses and trusts as to which the rule against perpetuities does not apply. See *Mills* v. *Davison (Court of Errors and Appeals), 54 N. J. Eq. 659,* as to the church property; and *Trustees, &c.,* v. *Beatty, 39 N. J. Eq. 452* (affirmed for the reasons given by the chancellor, *Beatty* v. *Trustees, &c., 41 N. J. Eq. 563*), as to provision for the pastors.

The complainant takes the ground that the premises in question were not gifts upon which the donor has impressed a trust which cannot be terminated, but that both the parsonage and church premises were purchased for valuable consideration, and that, therefore, the premises acquired are incapable of being fettered by interminable trusts.

Where property is given to trustees for a charitable use the trust is a creature of the donor and cannot be defeated by the donee, but where parties by means of their own devising attempt to place their own property beyond the reach of creditors, the claims of the latter are not thereby defeated. See *Magie* v. *German, &c., Church, 13 N. J. Eq. 77.*

In *Holmes* v. *Trustees, &c., 58 N. J. Eq. 327,* Vice-Chancellor

Emery (at *p. 329*) observed that the rights of certain persons as contributors to a fund, the rest of which was supplied by another person, who conveyed the land in trust, without consideration therefor, to a church society, were extinguished when the church applied the contributions for the purchase; that the church, using the fund so contributed, became, as to its grantor, a purchaser and could not be made a mere donee for charitable uses, even if the grantor be considered to be a donee to the extent of his contribution to the purchase fund. The complainant argues from this that whenever lands are purchased for a valuable consideration, adequate or inadequate, any trust containing a limitation upon the right of alienation may be avoided. In the case mentioned, however, the property was purchased by funds subscribed for the purpose, including the contribution by the grantor, and the vice-chancellor held that the relation of donor and donee for charitable uses was not intended and agreed upon by the parties to the deed.

The sharp question now before me is as to whether a conveyance for a valuable consideration, adequate or inadequate, with a trust for charitable uses imposed upon it, may be defeated by the trustee upon the ground that it is void because not founded upon a gift. This question is not decided in any of the cases to which I have been referred by counsel. Its decision in favor of the complainant would be against the *cestuis que trust,* namely, the pastors of the Bernardsville Methodist Episcopal Church, present and future, and the present and future congregations, who are not before the court, and who would, therefore, not be bound by the decree. In this posture of the case I will permit an amendment to the bill charging the attorney-general as a defendant, as was done in *Larkin* v. *Wikoff, supra,* who, when present, will represent the public, that is, such members of the public as are interested in the trusts, and for all practicable purposes will represent the present and future pastors and congregations of the church.

After amendment made and answer by the attorney-general, the cause may be brought on for further hearing. At this hearing the facts relied upon by the complainant may be proved, as the admissions made by the present defendants in their answers cannot bind the *cestuis que trust.*